**BUNCH v. TEXAS EMPLOYERS' INS. ASS'N.**

**No. 6327.**

Court of Civil Appeals of Texas. Texarkana.

Feb. 14, 1948.

Rehearing Denied March 11, 1948.

Homer C. Ellis and B. Ray Smith, both of Paris, for appellant.

O. B. Fisher, of Paris, for appellee.

HARVEY, Justice.

John W. Bunch brought suit in the District Court of Lamar County, Texas, against Texas Employers' Insurance Association under the terms of the Workmen's Compensation Act, Articles 8306–8309a, Vernon's Ann.Civ.St., to recover for disabilities which he alleged he received in the course of his employment with the Box Factory of Paris. The case was tried to a jury and upon their answer in the negative to Issue No. 1, which inquired as to whether or not plaintiff sustained an accidental injury on or about the 26th day of July, 1946, as was alleged in his petition, the court entered judgment for the defendant. None of the other issues submitted by the court were answered by the jury.

While the plaintiff was on the stand as a witness in his own behalf, on cross-examination he was asked if he had been charged with the offense of stealing hogs. He answered that about fourteen years prior to that time he had been charged with hog theft and assessed a four-year suspended sentence therefor. An exception was taken by his attorney to the admission of this testimony for the reason, among other things, that it was too remote. In the absence of the question of its being too remote, the testimony elicited on cross-examination unquestionably was admissible for impeachment purposes. With reference to remoteness, primarily the determination of that question is within the sound discretion of the trial judge and no abuse of such discretion being shown, his ruling as to whether or not a former conviction of a felony is admissible will not be disturbed on appeal. There are few cases, if any, in this state which hold that evidence of a conviction fourteen years or more in the past is admissible for the purpose of impeaching a witness in the absence of some facts or circumstances which would render such evidence admissible. Most of the

cases that deal with this point are to the effect that a conviction for a felony twelve or fourteen years in the past is too remote, and those convictions that have been held to be admissible are from eight to ten years and down. In the absence of subsequent convictions for theft, or other circumstances that might render the testimony in question admissible, we are of the opinion that this particular conviction fourteen years prior to the trial of this suit was too remote in order to be admissible for impeaching purposes. Appellee's theory that the evidence was in rebuttal to appellant's oft-repeated reference to his own honesty in earning a livelihood is untenable in that from the record it appears that he was cross-examined about the hog theft before he referred to his life of honest toil.

The plaintiff was asked further on cross-examination by the defendant's attorney if he had not been guilty of operating a house of prostitution, and of soliciting dates for his wife with other men. The same questions were asked his wife on cross-examination after she had testified in his behalf, and in addition she was asked if she didn't tell a Mr. Lane and Mr. Akard, who were officers at Paris, that her husband had forced her to engage in sexual relations with a soldier, and with other men. These matters were denied by both Bunch and his wife, and then the officers in question were placed on the stand and testified that Mrs. Lillian Bunch had told them that she had been compelled to engage in the acts in question by her husband. Bunch and his wife each testified that they had been arrested and pleaded guilty to the charge of vagrancy in the justice court at Paris, and Bunch's attorney in rebuttal to the testimony of the officers introduced complaints issued out of the justice court charging Bunch and his wife with the offense of vagrancy, based upon an allegation of loitering in a public place and being without any visible means of support, and not upon the section of the vagrancy statute relating to prostitutes. Vernon's Ann.P.C. arts. 607–609.

■ A very early case in Texas, Boon v. Weathered's Administrator, 1859, 23 Tex. 675, laid down the rule in Texas, which is quite generally the law in other jurisdictions, that in the impeachment of a witness the point under inquiry should be confined to general reputation for truth and not extend to the general moral character of the witness; that evidence as to specific acts affecting one's reputation was not admissible. The court took occasion to observe that "It is remarkable, that the proper manner of impeaching a witness has not yet been clearly settled in practice; and it is even more remarkable, that the principles upon which the testimony of witnesses may be discredited, are yet the subject of discussion amongst lawyers." Since this opinion above referred to was written there has been a wealth of decisions in this state that discuss the rule in question. It has been a prime subject of discussion "amongst the appellate courts" as well as among lawyers, and remarkable as it may seem, with widely divergent views expressed. While most Texas decisions follow the principle announced in the case of Boon v. Weathered's Administrator, there is great conflict and contrariety of opinion on the subject, many cases holding that on cross-examination of a witness it could not be shown that he had been convicted of a crime, and record evidence of a conviction for crime could not be introduced against the witness, and numerous other decisions express a different view. Under more recent decisions in this state, however, the rule has been somewhat modified, and in an opinion approved by the Supreme Court, Texas & N. O. R. Co. v. Parry, Tex.Com.App., 1929, 12 S.W.2d 997, 1001, the rule has been definitely formulated as follows:

"The rule is that where the witness has been legally charged by indictment, complaint, or information and complaint, with an offense involving moral turpitude, and has been legally convicted of such offense in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence touching his credibility as a witness."

See also Kennedy v. International-Great Northern R. Co., Tex.Com.App., 1 S.W.2d

**660**

581; Garza v. Garza, Tex.Civ.App., 109 S. W.2d 1079; Bernard's, Inc., v. Austin, Tex. Civ.App., 300 S.W. 256; Texas Law of Evidence, by McCormick & Ray, pages 391–393, Section 311.

It will be seen from the above decisions that in this state in the impeachment of a witness, a pending indictment, complaint, or information and complaint in court involving moral turpitude against him is not admissible unless he presently admits guilt, or unless he has been convicted of the offense in a court of competent jurisdiction.

Appellee suggests that in this case, by reason of the fact that the appellant had testified he had always been poor; that he and his wife had been arrested for vagrancy; that he had earned a living for himself and his family by the sweat of his brow; that at times he had been hungry; that he was uneducated and could barely sign his name; and had no rich friends or relatives to keep him up, it was proper to cross-examine him with respect to his activities, the times he had worked, and the charges that had been lodged against him for vagrancy, and so on. While it is apparent that Bunch was repetitious with reference to his financial condition and seemed very voluble in referring to his being forced to do hard work all his life, together with other personal details, we are of the opinion that the questions asked him and his wife with reference to his having compelled her to have relations with other men, and the testimony given by the officers to the effect that Mrs. Bunch had told them that her husband had forced her to do the things referred to, were not a proper subject of inquiry under the facts herein outlined. It is unnecessary to discuss the harmful effects of such testimony, and its prejudicial nature. A juror who, having heard such accusations, with or without proof of their truthfulness, and even though denied by the ones affected, could disregard such statements, and calmly and dispassionately pass on the disputed issues, would be a rarity indeed. It has been held that proof of a plaintiff's unchaste character was not admissible for the purpose of impeaching her credibility as a witness. Underwood Typewriter Co. v. Shouldis,

Tex.Civ.App., 253 S.W. 935. In some situations, not necessary to discuss in this case, such as suits for damages involving slander, defamation of character and the like, evidence of specific acts of misconduct on the part of an interested witness might become pertinent. We are of the opinion that the questions propounded to Bunch and his wife with respect to their operating a house of prostitution, in the absence of proof of conviction of such charges, which were denied by them, and the testimony of the officers with respect to having been told by Mrs. Bunch that her husband had compelled her to do the things hereinabove mentioned, were inadmissible and of such prejudicial nature as to require a reversal of the judgment rendered in this case.

The judgment of the trial court is reversed and the case remanded for a new trial.