YORK v. GLENN.

No. 15268.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 28, 1951.

654

W. Taz Locke, Wichita Falls, for appellant.

Mock & Kee, of Wichita Falls, for appellee.

RENFRO, Justice.

Appellee A. H. Glenn sued J. H. York, DBA Checker Cab Company, for injuries sustained by his wife while riding as a passenger in one of appellant's taxicabs in the city of Wichita Falls, Texas. Judgment was entered for appellee, based upon a favorable jury verdict, and the appellant has appealed from said judgment.

The taxicab was being driven by appellant's agent and driver, George Claxton Taylor. After the driver Taylor had testified for the appellant and after the appellant had rested, the appellee introduced, for the purpose of impeaching the credibiltiy of the witness Taylor, documentary records showing that Taylor had been convicted in Wichita County in 1942 on a felony indictment and had received a five year suspended sentence.

The appellant alleges error on the part of the trial court in admitting the judgment of conviction on the ground that a proper predicate had not been laid in that the witness Taylor was not asked about said conviction while he was on the witness stand.

The authorities do not bear out the appellant's contentions. In Kennedy v. International-Great Northern R. Co., Tex.Com. App., 1 S.W.2d 581, after the plaintiff Kennedy had testified, the defendant offered in evidence a duly authenticated copy of a judgment showing that Kennedy had theretofore received a sentence for felony theft and had received a suspended sentence. The trial court sustained an objection to the introduction of the judgment of conviction. The Court of Civil Appeals reversed the case because of the refusal of the trial court to allow the judgment in evidence and the Commission of Appeals affirmed the action of the Court of Civil Appeals, holding that the judgment of conviction should have been admitted.

In the earlier case of Gulf, C. & S. F. Ry. Co. v. Gibson, 42 Tex.Civ.App. 306,

93 S.W. 469, 471, error dismissed, a judgment of conviction and sentence, showing that one of the witnesses in the case had theretofore been convicted of a felony, was introduced in evidence. The case was affirmed by the court with the statement that "proof by the record of conviction of crime is universally conceded to be a proper mode of impeachment." The foregoing authorities are approved by Texas & N. O. R. R. Co. v. Parry, 12 S.W.2d 997, opinion by Commission of Appeals, approved by the Supreme Court, and Texas Employers' Ins. Ass'n v. Drayton, Tex.Civ.App., 173 S.W. 2d 782, refused for want of merit.

After an exhaustive discussion of the cases, McCormick and Ray, Texas Law of Evidence, page 402, reach the conclusion that in civil cases not only may the record of the charge or conviction be introduced without laying a foundation, but that is the only method of proving the charge or conviction.

■ In accordance with the foregoing authorities, we hold that record evidence of a felony conviction is a proper method of impeaching the credibility of a witness. We accordingly overrule appellant's first point.

■ The appellant contends that the conviction of a felony eight years prior to the trial of this case was too remote and the evidence should not have been admitted for that reason.

The determination of the question of remoteness is primarily within the sound discretion of the trial judge and in the absence of the showing of abuse of discretion, his ruling should not be disturbed on appeal. Most cases dealing with convictions from eight to ten years and down have held evidence of such convictions admissible. Bunch v. Texas Employers' Ins. Ass'n, Tex. Civ.App., 209 S.W.2d 657. There being no showing that the trial judge abused his discretion in admitting the judgment of conviction against the witness Taylor, the appellant's point of error is overruled.

■ The appellant's third point of error asserts error of the trial court in refusing to declare a mistrial when counsel for appellee asked the witness Eads, Highway Patrolman, if he arrested the driver of appellant's taxicab.

The appellant in his answer had pleaded the conduct of one Connally, driver of the other car involved in the collision, as being the sole proximate cause of the collision. Appellant pleaded and offered proof that Connally was drunk. On direct examination by appellant, the witness Eads testified that he put Connally in the patrol car and, after completing the investigation, took him to a hospital and then to the City Hall. On cross examination appellee asked the witness Eads, "Now then, did you also arrest the taxi driver here, without saying what you arrested him for." The appellant objected to the question and it was not answered. The court instructed the jury not to consider the question for any purpose whatsoever. The question was improper and should not have been asked, but in view of the record, we do not feel that such error is material and the case should not be reversed merely by reason of the question having been asked. Good v. Born, Tex. Civ.App., 197 S.W.2d 589 (writ refused n. r. e). The question, in our opinion, does not suggest the answer desired, and does not inform the jury that the appellant's driver was arrested. Appellant cites Sherwood v. Murray, Tex.Civ.App., 233 S.W.2d 879, 880 as authority for his contention. In that case, however, the attorney for the defendant stated: "As a matter of fact, you forfeited a bond you put up in the police station, didn't you?" The court sustained an objection, whereupon the defense attorney said, "Well, its an admission of guilt on his part. Its an admission of guilt." After plaintiff moved to exclude the statement the defense attorney said, " * * * he did forfeit his bond and if he had gone down and stood trial he wouldn't have thought he was guilty." The appellate court held: "Certainly it was highly improper for counsel to state in the presence of the jury that Hoffman did forfeit such bond. This was unsworn testimony by appellee's counsel." It is readily seen that the case was not reversed because of the question asked.

■ Appellate Courts should not reverse the judgment of a trial court unless it

should be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure. We are of the opinion that merely asking the question calling for a "yes" or "no" answer and not answered, did not amount to such a denial of the rights of appellant as to cause the rendition of an improper judgment, especially in view of the fact that the trial court instructed the jury not to consider the question for any purpose whatsoever.

The judgment of the trial court is affirmed.