## DALLAS RY. & TERMINAL CO. et al.
## v. BAUGHMAN et al.
### No. 15278.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 19, 1951.

Burford, Ryburn, Hincks & Ford and Robert E. Burns, all of Dallas, for appellant.

Blakeley & Blakeley and Carey Williams, all of Dallas, for appellee.

RENFRO, Justice.

The appellants, Dallas Railway & Terminal Company and James V. Johnson, have appealed from a judgment for $550 rendered on a jury verdict in a county court at law in Dallas County in favor of Mrs. A. L. Baughman, appellee, as next friend of Bill Baughman, a minor.

The suit was filed following a collision between an automobile belonging to appellee's minor son, Bill Baughman, and a bus owned by appellant Dallas Railway & Terminal Company and driven by appellant Johnson.

Appellant, in point No. 1, alleges that appellee's counsel committed reversible error in asking the witness Nall questions and eliciting answers calculated to inform the jury that appellant Johnson had been tried in a criminal case arising out of the collision in question and the trial court should have declared a mistrial.

The witness Nall was the only eye witness to the accident except appellee's son and defendant Johnson to testify in the case. He was the first witness and at the beginning of his testimony he was asked if he knew Bill Baughman. He answered that he did not. Further questions developed that he had seen Bill Baughman twice, the first time being the day of the accident and the second time in the criminal court. Appellee's counsel then asked, "was that the case in which the bus driver was being

tried." Appellant made the following objection: "Object to that and ask the court to declare a mistrial." The witness did not answer the question.

The court promptly and properly sustained the objection and instructed the jury to disregard any testimony about any traffic offense and further instructed the jury the case was being tried upon its merits in a civil suit and that testimony would be confined to that alone, and that speaking of the traffic court was immaterial and to disregard any evidence or information about it.

Thereafter, neither the witness Nall nor any other witness was asked about any traffic complaint or trial.

Appellants contend that the offending question was deliberately injected into the record by appellee's counsel for the sole purpose of prejudicing the rights of appellants and to induce the jury to disregard the testimony of appellant Johnson.

We cannot agree with appellants' contention. It will be noted that the witness was not asked if he had seen appellant Johnson since the accident, but was asked if he had seen Bill Baughman since the accident. When he answered that he had seen him one time, appellee asked him where he had seen Bill Baughman, and he answered, "the criminal court." Certainly up to this time the questions were not calculated to infer that appellant Johnson had been tried in criminal court. Appellee's attorney then asked if that was the case in which the bus driver was being tried.

Appellants have cited a number of cases in an effort to show the questions and answers were reversible error. Many of the authorities cited, however, concern the introduction or attempted introduction of felony indictments as evidence in civil cases. We have been cited to no case in which a mere unanswered question concerning a misdemeanor or a traffic offense has been held reversible error.

In Good v. Born, Tex.Civ.App., 197 S.W. 2d 589, error refused, n.r.e., plaintiff entered into the case testimony concerning a criminal judgment pending against the defendant growing out of the collision in question.

The court, without setting out the facts relating to the transaction, held that in its opinion no reversible error was disclosed and that particularly was the asserted error rendered harmless by the trial judge's instruction to the jury to disregard the incident in question.

The Supreme Court of Texas in Missouri Pac. Ry. Co. v. Mitchell, 72 Tex. 141, 10 S.W. 411, held that if cases were reversed because improper questions were asked, and excluded on objection, but few judgments would be affirmed.

It will be borne in mind that the question propounded to the witness in the instant case was not answered by the witness.

In York, d/b/a Checker Cab Company v. Glenn, 242 S.W.2d 653, this court held it was not reversible error for the plaintiff to ask a highway patrolman if he arrested the driver of the defendant's taxicab, especially in view of the fact that the question was not answered and the court instructed the jury not to consider the question for any purposes.

We are not holding that one unanswered question would not under some circumstances be reversible error, but after careful review of the record in the case before us, we believe that the error was rendered harmless by the prompt instruction of the trial court to disregard any evidence or information about the traffic case. Appellants' point No. 1 is overruled.

Appellants' point No. 2 contends that appellee's counsel committed reversible error in making an argument to the jury that if the collision was not the fault of appellant Johnson, appellants would not owe a penny to appellee.

The bill of exceptions upon which the point is based, as qualified by the trial judge, shows the following: "Now he says we are 'trying to put all the blame on me.' Of course we are, if it was not Mr. Johnson's fault they don't owe us a penny and you should find * * *." At this point, appellants' attorney stated to the court "Object to that line of argument," whereupon the court instructed the jury to disregard the statement of counsel and reminded the jury to answer the issues as they found the

facts to be regardless of the outcome as to who would get a judgment in the case. The court further qualified the bill to show that in his opinion the argument amounted to merely a response to appellants' argument as to who was at blame or fault in the matter.

While the appellants' objection to the argument was a general objection and their point of error does not set out the reasons why the argument was reversible error, they have briefed the point on the theory that the argument informed the jury of the effect of their answers to special issues.

■ We do not think that the argument complained of had the effect of informing the jury of the effect of their answers. The record shows that twenty-five special issues were submitted to the jury. The record does not disclose that appellee's counsel was discussing any particular issue or any group of issues when he made the statement of which complaint is made. On the other hand, it is apparent that he was arguing generally, as the trial court found in his qualification to the bill of exception, the question as to who was to blame or at fault in the matter of the accident. The argument did not inform the jury how they should answer any one question or any group of questions submitted by the court in order to find that appellant Johnson was at fault.

■ When issues are such that men of ordinary intelligence would be presumed to know the legal effect of their answers, no injury could result by counsel telling them something they already knew. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213. Here appellee did not tell the jury how to answer the questions, nor what the effect of their answers would be, but merely told the jury he was trying to show appellant Johnson was at fault. The jury, as men of ordinary intelligence, knew that appellee could not recover unless the appellants were at fault. The argument was not such that its damaging effect could not be cured by the court's instruction to the jury not to consider it. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816.

Since the argument of counsel did not inform the jury of the effect of their answers,

and since any possible harmful effect of such argument was cured by the trial court's instruction, appellants' second point of error is overruled.

A careful study of the record brings us to the conclusion that no reversible error has been presented and that the judgment of the trial court should be affirmed.