The **TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

Robert **LANDRY, Jr.,** Appellee.

No. 7093.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 26, 1969.

Motion for Rehearing Overruled
Dec. 18, 1969.

Strong, Pipkin, Nelson & Parker, Beaumont, for appellant.

Seale & Stover, Jasper, for appellee.

PARKER, Chief Justice.

This is a workmen's compensation suit. The plaintiff was Robert Landry, Jr., and the defendant The Travelers Insurance Company. Upon a jury verdict of total and permanent incapacity, judgment was entered in favor of plaintiff against the defendant. The parties will be designated as in the trial court.

Defendant contends, in his first point of error, the trial court erred in refusing to admit for impeachment purposes evidence regarding plaintiff's 1964 Federal felony conviction of theft of postal money orders and subsequent forgery.

On the date of trial, March 4, 1969, plaintiff was 27 years old. He was a graduate of Lincoln High School and had attended college for a short period.

On September 4, 1968, plaintiff filed suit against defendant alleging he sustained a severe back injury on May 28, 1968 while lifting a spandall onto a barge at a Texas Gulf Construction Company site. Plaintiff testified that he fell backwards. Although there were other workmen in the immediate area at the time, he offered none as a witness in support of the fact that an injury actually did occur. He was placed in a hospital for three and one half weeks under the care of two different physicians, one of whom he chose, and the defendant insurance company "assumed" these expenses and paid plaintiff compensation for four weeks.

Popejoy, plaintiff's physician (who did not treat him at the time of the alleged injury) testified that in his opinion there was a "compression type injury" to the disc in the 12th thoracic-first lumbar region of plaintiff's spine without nerve involvement, which resulted in plaintiff's total and permanent disability. On the other hand, defendant's medical expert, who had first examined and treated plaintiff immediately after the alleged accident and examined him shortly before trial, was much less impressed with the plaintiff's complaints. His testimony was that upon initial examination he found "acute lumbar strain" with plaintiff's reactions "dramatically over developed" and "no evidence of any organic injury." Upon his pre-trial examination he concluded that there was a complete recovery from the strain. His opinion was that plaintiff could have resumed work with a minimum of discomfort.

The sole question before us is based upon the refusal of the trial court to permit the introduction of evidence showing that the plaintiff had been convicted in the Federal Court for the theft of postal money orders and the forgery of the payees' endorsements thereon. Plaintiff pleaded guilty to the charges against him on February 4, 1964, and was sentenced to confinement in prison for three years and was assessed a fine of $100.00. The prison sentence was suspended and plaintiff was placed upon actively supervised probation. He was required to, and did, pay the fine. Approximately a year later, upon recommendation of the probation officer, the active probation was terminated, but our record does not disclose what action, if any, was taken toward a reduction of the suspended prison sentence which then had approximately two years to run. Admittedly, the offense for which plaintiff was convicted was a crime involving moral turpitude, it being one of the classic examples thereof. Compton v. Jay, 389 S.W.2d 639, 640 (Tex.Sup., 1965).

In the present case, the conviction was for a felony involving moral turpitude and upon a plea of guilty. As stated in Compton v. Jay, supra (389 S.W.2d at 641), quoting from Parry, infra:

> " 'The rule is that where the witness has been legally charged by indictment, complaint, or information and complaint, *with an offense involving moral turpitude,* and has been legally convicted of such offense in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence *touching his credibility as a witness.*' " (Emphasis by the court.)

The Supreme Court calls this the Parry rule, referring to Texas & New Orleans Ry. Co. v. Parry, 12 S.W.2d 997 (Tex. Com.App., 1929, holding approved), where the importance of the element of moral turpitude was emphasized in the foregoing

language. It is clear that in Compton v. Jay (389 S.W.2d at p. 640), the Supreme Court is following Dean Wigmore in his treatise on Evidence (3rd Ed.) Vol. III, § 926, which says:

> "In those jurisdictions in which veracity-character alone is allowed to be used to impeach, it would logically follow that when particular instances of misconduct are allowed to be used as throwing light on credibility—that is to say, conviction of crime, when shown by extrinsic evidence, * * *—only such instances should be used as are *relevant to show a lack of truthfulness* of disposition,—for example, forgery, cheating, and the like." (Emphasis in text.)

In this case we are dealing with a classic example of a conviction and sentence throwing light on credibility relevant to show a lack of truthfulness of disposition —a conviction upon a plea of guilty of theft and forgery. The appellant promptly noted its exception and preserved the error for review by this court in this language:

> "Viewing the record as a whole, plaintiff-appellee's credibility was a major issue at trial, and exclusion of the impeachment evidence was an abuse of trial court discretion."

The reasoning in Texas Employers' Insurance Association v. Curry, 290 S.W.2d 767 (El Paso Civ.App., 1956, writ ref. n. r. e.) is applicable to the present case. Each involved a back injury. Justice Hamilton, while upon the Court of Civil Appeals, reversed the judgment because the trial court had refused to admit the *record* of conviction even after the plaintiff had admitted the conviction. As stated therein on pages 769 and 770:

> "* * * The very nature of the alleged accident and the nature of the injury and

extent thereof being a back injury, the plaintiff's case rested primarily on the testimony of appellee himself.

> *      *      *      *      *      *
> "* * * consequently anything bearing on the credibility of the witness was vital to the appellant's defense of the case. * * *

Plaintiff concedes that Parry sets out the correct rule, that the offense of forgery involves moral turpitude, and that cross-examination of the plaintiff was a proper method of establishing the conviction. However, he contends that the trial court's discretion was not abused since the conviction was too remote in time to affect the plaintiff's credibility. To this he adds the doubtful argument that simply because plaintiff was released from actively supervised probation, this in itself showed that he was "rehabilitated" in fact and in law.

■ The admissibility of a conviction with regard to its remoteness is a matter which rests largely within the sound discretion of the trial court. Adams v. State Board of Insurance, 319 S.W.2d 750, 752 (Houston Tex.Civ.App., 1958, error ref. n. r. e.); Travelers Insurance Co. v. Dunn, 383 S.W.2d 197, 198 (El Paso Tex.Civ.App., 1964, error ref. n. r. e.) and cases therein cited.

■ Generally speaking, the rule is that evidence of prior conviction of a crime involving moral turpitude is not admissible for impeachment purposes if the conviction antedates the trial by more than ten years.[1] In Bunch v. Texas Employers' Insurance Association, 209 S.W.2d 657, 658 (Texarkana Tex.Civ.App., 1948, error ref. n. r. e.), it is said that "Most of the cases that deal with this point are to the effect that a conviction for a felony twelve or fourteen

---

[1]. See Dallas County Water Control and Improvement District No. 7 v. Ingram, 395 S.W.2d 834, 840 (Dallas Tex.Civ. App., 1965, no writ), wherein is to be found a tabulation of cases holding such convictions to be too remote. To those cited in Ingram, we add these: Travelers Insurance Co. v. Dunn, supra, 9 years; United Benefit Fire Ins. Co. v. Stock, 344 S.W.2d 941 (Houston Tex.Civ.App., 1961, no writ), 10 years; Missouri Pacific R. Co. v. Miller, 426 S.W.2d 569 (San Antonio Tex.Civ.App., 1968, no writ), 9 years.

years in the past is too remote, and those convictions that have been held to be admissible are from eight to ten years and down."

Counsel have not cited to us a case wherein a conviction of a felony involving moral turpitude so recent in point of time to the trial as here—slightly more than five years—has been excluded. Our independent research has not located such authority. The shortest period in which such evidence was excluded was nine years, Missouri Pacific R. Co. v. Miller, supra. Here the felony conviction was on February 4, 1964 and the sentence was one of confinement for three years subsequent thereto. The accident occurred on May 28, 1968, some fifteen months after plaintiff had completed his sentence.

The Preliminary Draft of the Proposed Rules of Evidence for the United States District Courts and Magistrates, submitted by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (March, 1969), contains Rule 6–09(b), indicating the thinking of some well-known scholars on the subject. The proposed rule reads:

> "(b) TIME LIMIT. Evidence of a conviction under this rule is inadmissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement, or the expiration of the period of his parole, probation, or sentence, whichever is the later date."

We quote the Advisory Committee's notes in the margin.[2] The proposed Federal Rule has, at least, a certain and definitive period which, if in effect in Texas, would rule this case. Regardless of its applicability, it is closely in step with the holdings of the Texas courts upon the subject.

In our case, even though the plaintiff himself was the sole witness to the accident and his physician's testimony was based to a large extent upon his subjective symptoms, the jury was not permitted to take into consideration, as affecting his credibility, the fact that he was a recently convicted felon. There is no doubt but evidence of the prior conviction would have been considered by the jury as affecting plaintiff's credibility—as indeed it should. Wigmore [Evidence, Vol. III, § 982, p. 549 (3rd Ed.)], quotes from State v. Price, 135 Minn. 159, 160 N.W. 677, 681 (Minn.Sup. Ct., 1916), wherein strong language on the subject is to be found. Reduced to its essentials, it adopts the Bibical admonition that "As a man sows, so shall he reap"; and, when a convicted felon appears as a witness, the jury should not be blindfolded to the fact that his credibility must be determined in the light of his past conduct. If prejudice results, such is damnum absque injuria since it is but a part of the judicial process of determination of truth by a fully enlightened jury.

Plaintiff also seeks to uphold the ruling of the trial court upon the theory that the release from the actively supervised parole was conclusive evidence of rehabilitation, for which reason that the evidence was properly excluded. This contention is based upon the sound rule best enunciated in Ingram, supra, as follows:

> "The rule of law relating to the inadmissibility of remote convictions for offenses involving moral turpitude is a sound one. The law, in its wisdom, presumes that after the lapse of many years the rehabilitation of the individual has been successful—that he has paid his debt to society. This presumption may, of course, be rebutted. The record in this

2. "Few statutes recognize a time limit on impeachment by evidence of conviction. However, practical considerations of fairness and relevancy demand that some boundary be recognized. See Ladd, Credibility Tests—Current Trends, 89 U.Pa. L.Rev. 166, 176–177 (1940). This portion of the rule is derived from the proposal advanced in Recommendation Proposing an Evidence Code, § 788(5), p. 142, Cal.Law Rev.Comm'n (1965), though not adopted. See California Evidence Code § 788."

case is devoid of any evidence which would rebut the presumption that the witness Collier has completely rehabilitated himself over the period of twenty-eight years which has elapsed since the time of his conviction in 1936. To the contrary, all of the evidence points to the fact that he has led an exemplary life since coming to Texas. We think the conviction is too remote, under the circumstances of this case, and that the trial court abused its discretion in admitting the testimony. * * *" (395 S.W.2d at p. 841.)

This is a far cry from our record where the plaintiff was a high school graduate, had some college training, and the conviction was less than five years before his testimony in this case.[3]

The conviction was not too remote and the jury was entitled to know of this episode in the plaintiff's life when they were considering his credibility as a witness in his own behalf. Its exclusion was error. The trial court abused its discretion in excluding the evidence of the prior conviction and sentence of plaintiff to confinement for three years in the penitentiary. Kennedy v. International-Great Northern R. Co., 1 S.W.2d 581, 583 (Tex.Com.App., 1928).

Considering the record as a whole, we are of the opinion that the error amounted to such a denial of the rights of defendant as was reasonably calculated to and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure. Point of Error No. 1 is sustained.

Defendant's second point of error contends the trial court erred in refusing to admit testimony of plaintiff's doctor regarding the doctor's substantial diagnostic and prognostic reliance on the plaintiff's credibility, the doctor's ignorance of plaintiff's prior theft conviction, and the

effect such knowledge would have had on the doctor's diagnosis and prognosis. How Dr. Popejoy would have felt about plaintiff's history had he known of the prior conviction is not a controlling factor in the result reached herein. In the first place, this testimony came in answer to a few questions from defendant's counsel in making the Bill of Exception, and the trial court did not permit plaintiff's counsel to explore the matter on cross-examination. Thus, we have only an abbreviated and possibly distorted record. Under the record, this second point of error is immaterial and is overruled.

Reversed and remanded.

---

3. We do not consider as material to the inquiry plaintiff's subsequent conviction in 1967 of simple assault and place no reliance thereon.