**Robert LANDRY, Jr., Petitioner,**

v.

**The TRAVELERS INSURANCE COM-
PANY, Respondent.**

**No. B–1940.**

Supreme Court of Texas.

July 29, 1970.

Dissenting Opinion Oct. 7, 1970.

Seale & Stover, John H. Seale, Jasper, for petitioner.

Strong, Pipkin, Nelson, Parker & Powers, Courtlyn M. Rea, Beaumont, for respondent.

SMITH, Justice.

This is a workmen's compensation case. For convenience we shall hereinafter refer to the petitioner as plaintiff and to respondent as defendant. On the basis of a jury verdict and a stipulated wage rate, the trial court entered judgment for plaintiff in the amount of $12,343.57, payable in a lump sum. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause for a new trial. 448 S.W.2d 230. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

February 1, 1964, five years and one month before the trial of this case, plain-

tiff received a conviction for a felony involving moral turpitude. The trial court excluded evidence of that conviction, on the ground that it was too remote. The Court of Civil Appeals held that this was an abuse of the trial court's discretion, and remanded the case for new trial. The only question to be decided by this Court is whether the trial court's action was an abuse of its discretion.

Plaintiff did not offer in evidence any testimony from coworkers who had witnessed the accident, and thus the jury's verdict that he incurred a compensable injury rested wholly upon the testimony of Landry and his medical witness, Dr. Lee Popejoy, Jr. Dr. Popejoy's testimony was disputed by the defendant's medical witness, Dr. Glass. During the trial the defendant's counsel was allowed to perfect a Bill of Exception, out of the presence of the jury, regarding Landry's 1964 conviction. The plaintiff testified at this time that he had been convicted of the theft and forgery of postal money orders, offenses which admittedly involve moral turpitude. His punishment was fixed at a fine of $100 and a three year probationary sentence, but on the federal probation officer's recommendation, the probation was reduced to a period of one year. The fine was paid and the probation sentence ended in 1965.

Later in the trial, out of the presence of the jury, defendant's counsel added to this Bill of Exception with a series of questions to Dr. Popejoy, a witness called by plaintiff. Counsel inquired whether, in the doctor's estimation, a man who had been convicted of theft and forgery "would have any hesitation to falsify his complaints to win an insurance case." The doctor replied, "Possibly." In response to a further question the doctor acknowledged that knowing of Landry's prior conviction would have made a difference in the way the doctor viewed Landry's history, his complaints, and in the doctor's total treatment of Landry. Plaintiff's counsel immediately offered to re-examine Dr. Popejoy,

to develop in greater detail the effect that knowledge of the conviction would have had on the doctor's diagnosis, but the court excused the doctor with the statement, "Well, I think we will let it stay like it is." In his testimony Dr. Popejoy had stated that his diagnosis was based not only upon Landry's subjective statement of his condition, but also upon an objective test which revealed that plaintiff was experiencing back pains; the test is one by which a doctor can ascertain whether a subjective complaint is true. Dr. Glass, the defendant's medical witness, although sharply differing with Dr. Popejoy's diagnosis, conceded that the test for muscle spasm, if made, is one which indicates whether more than a simple sprain is involved; he agreed that a finding of muscle spasms is a very significant finding in any back examination.

Defendant's counsel completed his Bill of Exception by recalling Landry and developing admissions that, between 1965 and 1968, Landry had been arrested four times and convicted once for minor offenses. The defendant concedes that these arrests and the single conviction are not admissible as impeachment evidence, but contends that the 1964 conviction is admissible, and that the trial court erred in excluding that evidence. The trial court, having allowed defendant to develop fully his Bill of Exception, withheld any ruling on the admissibility of the testimony regarding Landry's 1964 conviction until all the evidence was in. At that time the trial court ruled that the evidence was inadmissible.

■ A witness's prior conviction of a felony is admissible as impeachment evidence, if the felony is one involving moral turpitude. Texas and New Orleans Ry. Co. v. Parry, 12 S.W.2d 997 (Tex.Comm. App.1929, holding approved); Compton v. Jay, 389 S.W.2d 639 (Tex.Sup.1965).

■ To that general rule is appended the exception: the prior conviction must not be too remote; that is, the conviction must have been "sufficiently recent in time

to have some bearing on the present credibility of the witness." 1 McCormick & Ray, Texas Law of Evidence § 660 (1968 Supp.). This Court has never set an arbitrary standard by which to decide whether a particular conviction is too remote to be admitted into evidence. The defendant, relying upon York v. Glenn, 242 S.W.2d 653 (Tex.Civ.App.—Fort Worth 1951, no writ hist.), asserts that any convictions occurring less than eight to ten years prior to the civil trial are not too remote, and are admissible. See also, Bunch v. Texas Employers' Ins. Ass'n, 209 S.W.2d 657 (Tex.Civ.App.—Texarkana 1948, no writ hist.). However, we agree with the plaintiff that the better approach is outlined in Dallas County Water Control and Improvement District v. Ingram, 395 S.W.2d 834, at 840 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.):

> "From a review of both civil and criminal cases it would appear that civil courts have generally held that such a matter depends upon circumstances presented and that the question should usually be left to the discretion of the trial judge. In exercising his discretion the trial judge has an opportunity to consider and weigh all the facts and circumstances of that particular case. Only for abuse of discretion is it held that such testimony will call for a reversal."

In a case such as this one, in which the question for decision is whether there was an abuse of the trial court's discretion, the appellate court is not to substitute its judgment for that of the trial court, but must rather decide whether the trial court's decision was arbitrary or unreasonable. Jones v. Strayhorn, 159 Tex. 421, 321 S.W.2d 290 (1959); Southwestern Bell Telephone Co. v. Johnson, 389 S.W.2d 645 (Tex.1965). We find cases in which the conviction was so remote as to render the evidence inadmissible as a matter of law. See, e. g., Dallas County Water Control & Improvement Dist. v. Ingram, *supra*; Texas Employers' Ins. Ass'n v. Yother, 306 S.W.2d 730 (Tex.Civ.App.—Fort Worth

1957, writ ref'd n. r. e.); Bernard's Inc. v. Austin, 300 S.W. 256 (Tex.Civ.App.—Dallas 1927, writ ref'd); Bunch v. Texas Employers' Ins. Ass'n, *supra*. Similarly, we can conceive of cases in which the conviction is so near in time to the civil trial as to be admissible as a matter of law. Such a situation would also deprive the trial court of any discretionary power over the evidence. But in a case such as this one, in which the remoteness or immediacy of the conviction falls somewhere between those two extremes, the matter is left to the trial court's discretion. See Travelers' Insurance Co. v. Dunn, 383 S.W.2d 197 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.); Transport Insurance Co. v. Cossaboon, 291 S.W.2d 746 (Tex.Civ.App.—El Paso 1956, writ ref'd n. r. e.); Carr v. Dewitt, 171 S.W.2d 388 (Tex.Civ.App.—Amarillo 1943, writ ref'd w. o. m.). In exercising such discretion, the trial judge should have the power and the duty to consider all pertinent factors in deciding whether to admit or exclude the evidence. It appears to us, after having fully reviewed the record, that the trial court has done so in this case, and we therefore conclude that the trial court's exclusion of the 1964 conviction was not arbitrary or unreasonable, but was a valid exercise of his discretionary powers.

For the reasons stated, the judgment is reversed and that of the trial court is affirmed.

HAMILTON, J., CALVERT, C. J., and WALKER and POPE, JJ., dissenting.

HAMILTON, Justice (dissenting).

I respectfully dissent. In my opinion this Court denied defendant the application of a rule of evidence to which it was entitled. Briefly stated:

> The rule is that where a witness has been legally charged by indictment, complaint, or information and complaint, with an offense involving moral turpitude, and has been legally convicted of such of-

fense in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence touching his credibility as a witness.

Texas & N. O. Ry. v. Parry, 12 S.W.2d 997, 1001 (Tex.Comm.App.1931, holding approved). This case is a model example for application of the rule.

There was a conviction, it involved moral turpitude, and it is relevant in this case: On February 4, 1964 plaintiff pleaded guilty to federal theft and forgery charges. He was sentenced to three years in prison and a $100.00 fine. The fine was paid, and plaintiff was placed under active probation. The active probation ended in 1965, but presumably the sentence period did not end until February 4, 1967. Plaintiff alleged he had received a back injury fifteen months later. Ten months after that he was testifying in behalf of his own cause of action in the trial of this case. He offered no testimony corroborating the accident alleged to be the cause of the injury. The only evidence corroborating his own was the testimony of his physician as to the extent of the injury which was contradicted by the defendant's medical witness. Plaintiff's entire cause of action hinges on his own testimony which puts his credibility in issue.

In view of the importance of the testimony and short length of time between the operative events here this conviction was material evidence in my opinion. The jury should have had the opportunity to consider the plaintiff's dishonest conduct in the recent past when weighing his credibility as a witness. I have not found nor been cited a less appropriate case for applying the remoteness exception. Applying the exception to this fact situation emasculates the rule.

The writer agrees with the majority that a witness should not be impeached by introduction of convictions which occurred in the distant past. The trial court abused its discretion by admitting evidence of a prior conviction in Dallas County Water Control and Improvement District v. Ingram, 395 S.W.2d 834 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). Reversing, the Court of Civil Appeals said the twenty-eight year old conviction was too remote. Admitting fourteen year old convictions were abuses of discretion in Bunch v. Texas Employers' Ins. Ass'n, 209 S.W.2d 657 (Tex.Civ.App.—Texarkana 1948, no writ), and Bernard's Inc. v. Austin, 300 S.W. 256 (Tex.Civ.App.—Dallas 1927, writ ref'd). In Missouri Pacific R. R. v. Miller, 426 S.W.2d 569 (Tex.Civ.App.—San Antonio 1968, no writ), and Travelers Ins. Co. v. Dunn, 383 S.W.2d 197 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.), the trial courts were affirmed which excluded nine year old convictions for remoteness. However, the instant case presents an entirely different situation from those above. A conviction as recent as five years and one month falls within the rule and it should not be excluded without accompanying circumstances to justify its exclusion.

If we can say that convictions from nine to twenty-eight years old are too remote and their admission is an abuse of discretion then we may conversely say that a conviction as recent as five years and one month is not remote and its exclusion is an abuse of discretion. This position is supported by the same consideration of the facts and circumstances as the rulings on the other end of the time scale: the recent conviction of a party in interest coupled with the importance of his testimony to establish vital facts in the case—the nature of the accident and the extent of his injuries—were facts and circumstances requiring admission of the conviction evidence.

The trial court abused its discretion by excluding the testimony regarding plaintiff's conviction. I would affirm the Court of Civil Appeals.

CALVERT, C. J., and WALKER and POPE, JJ., join in this dissent.