The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Appellant,

v.

Pettis POLLARD, Appellee.

No. 518.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 17, 1971.

Jack R. Martin, Martin & Masters, Houston, for appellant.

Harry L. Tindall, Brown & Haden, Houston, for appellee.

SAM D. JOHNSON, Justice.

Workman's compensation case.

Pettis Pollard, appellee, brought suit in the District Court of Harris County alleging that he received injuries to his back and left leg during the course and scope of his employment for Alamo Express, Inc., and/or Alamo Cartage Company, on or

about January 20, 1969. Millers Mutual Fire Insurance Company of Texas, appellant, answered denying generally the allegations and asserting that disability, if any, was solely caused by prior accident, injuries or infirmities, not connected with appellee's employment and alleging further that appellee had suffered no loss of earning capacity as the result of the alleged accidental injury and alleging further that injury sustained, if any, was trivial in nature and resulted in only partial disability from which claimant fully recovered.

Before trial commenced, appellee filed a motion in limine, which was granted, instructing, among other things, that appellant not disclose to the jury that appellee was convicted of a felony in July, 1962, or that he spent approximately six years in the state penal system. The offense for which the defendant was convicted was one involving moral turpitude.

The trial court, in response to special issues answered by a jury, entered its judgment awarding appellee past compensation benefits plus interest and future compensation benefits for permanent partial disability less discount for lump sum payment, in the total sum of $10,126.15. Appellant's motion for new trial was overruled and the instant appeal is perfected.

It is appellant's contention that the trial court erred in prohibiting proof that appellee was convicted of a felony in July, 1961, that he spent approximately 6 years confined in the Texas Department of Corrections and that he was not released until February, 1967. At the hearing on appellant's motion for new trial, three jurors who served on the jury in the trial were summoned to testify. One juror testified that had they, as jurors, known of this conviction, it would have made a difference in the verdict determination. It was stipulated that had the other two jurors testified their testimony would be to the same effect.

In its single point of error appellant contends the trial court erred in excluding proof that the plaintiff was convicted of a felony in July, 1961, that he spent six years confined in the Texas Department of Corrections and was so confined until 1967. Appellant asserts that the excluded testimony was admissible since the conviction and confinement bore on appellant's credibility as a witness and that the exclusion was prejudicial error in that it resulted in an improper jury verdict. Appellant's point of error will be overruled.

■ In civil cases a witness' prior conviction of a felony is admissible as impeachment evidence if the felony is one involving moral turpitude. Compton v. Jay, 389 S.W. 2d 639 (Tex.Sup.1965). The rule is appended by the exception that the prior conviction must not be too remote, that is, the conviction must have been sufficiently recent in time to have some bearing on the present credibility of the witness. 1 McCormick & Ray, Texas Law of Evidence, Sec. 660 (1968 Supp.)

In Landry v. Travelers Insurance Company, 458 S.W.2d 649 (Tex.Sup.1970) the Supreme Court had before it a workman's compensation case in which the trial court excluded evidence of a felony conviction involving moral turpitude 5 years and one month prior to trial. Plaintiff's contention that he had incurred a compensable injury rested wholly upon the plaintiff and upon a single medical witness whose testimony was disputed by the defendant's medical witness. The Court's five judge majority opinion referred to cases in which the conviction was said to be so remote as to render the evidence inadmissible as a matter of law and then recited that "Similarly, we can conceive of cases in which the conviction is so near in time to the civil trial as to be admissible as a matter of law." As to the second proposition, however, no cases or times were given for guidance.

■ The Landry opinion concluded "But in a case such as this one, in which the remoteness or immediacy of the conviction falls somewhere between those two extremes, the matter is left to the trial court's discretion." Landry v. Travelers Insur-

ance Company, supra at page 651. Even the very strong four judge dissenting opinion refers to nine year old convictions as being properly excluded for remoteness. It is upon the authority of this case that we are compelled to conclude the trial court's exclusion of the conviction in the instant case, one that occurred approximately nine and one-half years previously, in no way demonstrates an arbitrary or unreasonable exercise of its discretionary power.

Appellant urges that the date of release of the claimant, occurring as it did less than two years prior to the alleged accidental injury, should be accorded controlling significance, if not indeed looked to as the date of conviction. We are cited to no authority for such contention and it finds no support in the civil cases of this state. Such contention is overruled.

The judgment of the trial court is affirmed.