### WHITE v. ERWIN.
### No. 4138.

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1934.

Rehearing Denied Feb. 12, 1934.

S. E. Fish, of Amarillo, and J. S. Stallings, of Claude, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

JACKSON, Justice.

This is a suit by appellee, C. B. Erwin, to recover $549.62 which he claims as an unpaid balance on the purchase price of wheat he alleges was sold and delivered by him to the appellant, H. E. White, about July 1, 1931.

In an opinion on a former appeal, Erwin v. White (Tex. Civ. App.) 54 S.W.(2d) 867, is a sufficient statement of the pleadings of appellee.

After the cause was remanded, the appellant filed an amended answer, the allegations of which, in so far as are necessary to the disposition of this appeal, are, in effect, that on and prior to July 18, 1931, the appellant advanced to appellee sums aggregating 15 cents a bushel on 6,388.75 bushels, totaling the sum of $1,150; that on July 18th after said advancements were made, there was a margin of 10 cents a bushel in the wheat at Washburn, Tex., and appellee agreed as a part of the consideration for such advancements that he would protect such marginal deposit of 10 cents a bushel and if the price of wheat on the Chicago market, December option, should decline 10 cents a bushel below the price of July 18th and consume such marginal deposit and appellee failed to protect said deposit, the wheat would automatically be closed out.

In the alternative he alleged that on the 18th of July he made a settlement for the wheat theretofore sold and delivered to him under the contract of July 1st, paying the cash advancement of 15 cents per bushel and retaining under the instructions of appellee the 10 cents margin remaining with which it was agreed that he as agent should purchase wheat for appellee, who expressly agreed to protect said 10-cent margin if consumed by a decline in the price of wheat on the Chicago market and, should he fail to do so, agreed that the wheat should be sold out and the contract automatically closed. That on or about October 5th the price of wheat, Chicago December options, declined to the extent that the 10-cent margin per bushel was consumed. Appellee failed to protect said margin and the agreements between appellant and appellee became a closed transaction.

These facts are conceded: About July 1, 1931, the appellee and appellant entered into a contract by which appellee sold and delivered to appellant 6,388.75 bushels of wheat at the following prices: 33 cents under the Chicago December option for 1,765.59 bushels; 32 cents under for 3,534.33 bushels, and 31 cents less for 1,086.83 bushels, payment to be made at any time settlement was demanded on or before December 1, 1931. Appellee agreed to pay 1 cent per bushel for elevator charges and a dockage of 1 cent per pound per bushel, which items aggregate $162.37. Appellant advanced to appellee on July 6th $125; on the 7th, $275; and on the 18th, $750—a total of $1,150, for which appellee executed to appellant a receipt in the form of a promissory note. On October 15, 1931, the Chicago December option for wheat was 44⅞ cents per bushel, on July 18th 57⅞ cents and on November 12th appellee requested and was refused a settlement and the Chicago December option on said day was 61¼ cents per bushel.

In response to special issues submitted by the court, the jury found, in effect, that under the contract of July 1st appellant did not agree to advance any money on the wheat; that after the wheat had been delivered it was understood that the $1,150 advanced amounted to 15 cents per bushel and a margin of 10 cents per bushel remained in the wheat; that appellee did not agree in consideration of the 15 cents per bushel advanced to protect said margin; that the price declined so as to consume the 10-cent margin, and the wheat was sold because appellee advanced no additional margin. On these findings judgment was entered that appellee have and recover $549.62 with interest thereon from November 12, 1931, at the rate of 6 per cent. per annum, together with his cost.

Appellant contends that the trial court committed reversible error in sustaining appellee's exception to the paragraph of his answer in which he pleads in the alternative that he settled for wheat purchased for 15 cents per bushel cash and by agreement retained the 10-cent margin with which, as agent, to purchase wheat for the appellee's benefit.

Construing the allegations to which the exception was sustained, with the other averments in his answer, most favorable to appellant, we conclude that the transaction alleged to be a settlement was an agreement for the purchase by appellee through appellant as his agent of wheat on the Board of Trade for future delivery.

It is not alleged, if the wheat was purchased for future delivery, that the contract was "made in accordance with the rules of any board of trade, exchange, or similar institution, and actually executed on the floor of such board of trade, exchange, or similar institution, and performed or discharged according to the rules thereof," nor that "such contracts" were "placed with or through a regular member in good standing of a cotton exchange, grain exchange, or board of trade," etc. Article 657, P. C. 1925. Contracts of sale for future delivery of grain "without any actual bona fide execution and the carrying out of such contract upon the floor of such exchange, board of trade or similar institution, in accordance with the rules thereof, shall be null and void and unenforceable in any court of this State, and no action shall be maintainable thereon at the suit of any party." Article 658, P. C. 1925. See, also, article 661, P. C.; Erwin v. White (Tex. Civ. App.) 54 S.W.(2d) 867; Kenedy Merc. Co. v. Ainsworth et al. (Tex. Civ. App.) 258 S. W. 205. This assignment is overruled.

By proper assignments the appellant complains of the action of the court in permitting the appellee to show by cross-examination of appellant that at the previous trial he testified he was acquainted with the Henderson Grain Company, did business with them; when he bought grain in the way he bought appellee's wheat, he purchased futures for protection; if it went up he got the benefit of the rise in the market, and if it went down he lost.

This testimony was admitted over the objections that it was irrelevant, immaterial, not authorized by the pleading, and was no part of the transaction set up by appellant as a cancellation and satisfaction of the contract of July 1st.

The court had, by sustaining appellee's exceptions, eliminated that portion of appellant's answer in which he set up an illegal transaction. Neither the petition of appellee, nor the answer of appellant on which the case was tried, disclosed an illegal transaction or wagering contract, and evidence of such a transaction was not admissible. "The rule of pleading is that, if a plaintiff, in order to make out his cause of action, is required to show that the contract sued upon is, for any reason, illegal, the court will not enforce it, whether pleaded as a defense or not. But when the illegality does not appear from the contract itself or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and, to be available, it must be pleaded." Mullin v. Nash-El Paso Motor Co. (Tex. Civ. App.) 250 S. W. 472, 475, writ denied.

This rule controls pleading and proving a defense. Had the testimony complained of disclosed the transaction of July 18th to be illegal, it would have been new matter and not admissible under a general denial. Blackwell v. General Motors Acceptance Corporation (Tex. Civ. App.) 54 S.W.(2d) 251, and authorities cited. However, such testimony does not show said contract to be illegal, since it relates to transactions independent of the one alleged as a defense. It was not admissible for the purpose of impeachment because on immaterial matters.

The admission by the court of certain exhibits which were confirmations of the purchase and sale of wheat by the Henderson Grain Company for the account of H. E. White Grain Company were subject to the objections above discussed, and to the additional objection that they disclosed transactions in which appellee was not interested. 17 Tex. Jur. 379, § 131.

On the former appeal the allegations of appellee's answer showed that he was relying on an illegal transaction as a defense, and the testimony, which we have held should have been excluded on the last trial, was admissible under such allegations.

The other assignments presented do not disclose reversible error.

The judgment is reversed, and the cause remanded.