## ERWIN v. WHITE.

### No. 5136.

Court of Civil Appeals of Texas. Amarillo.
March 25, 1940.

Rehearing Denied April 22, 1940.

H. H. Cooper and A. A. Lumpkin, both of Amarillo, for appellant.

S. E. Fish, of Amarillo, and J. S. Stallings, of Claude, for appellee.

JACKSON, Chief Justice.

This is the fourth appeal of this case. In an opinion reported in 54 S.W.2d 867, the judgment was reversed and the cause remanded because Mr. White urged as a defense an illegal contract. The opinion reversing the case on the second appeal for failing to exclude inadmissible testimony is found in 67 S.W.2d 1090 and shows that the illegal contract urged by Mr. White as a defense in the former appeal was eliminated. The opinion in the third appeal reversing the judgment and remanding the cause on account of a statement of the trial judge is reported in 97 S.W.2d 707.

We refer to these opinions for a statement of the pleadings and testimony and shall make no extended statement in this opinion.

It is admitted that the appellant and appellee on or about July 1, 1931 entered into a contract by the terms of which appellee agreed to purchase appellant's wheat as it was harvested and delivered during the year 1931 and pursuant to such contract the appellant delivered 6388¾ bushels for which appellee agreed to pay 33¢ per bushel for 1767.59 bushels under the Chicago December option at any time that appellant called for settlement prior to December 1, 1931; that he agreed to pay appellant 32¢ per bushel for 3534.33 bushels under the Chicago December option at any time if demand was made therefor prior to December 1, 1931 and to pay 31¢ per bushel for 1086.83 bushels under the Chicago December option provided settlement was requested before December 1, 1931. It is conceded that appellant was to pay 1¢ per bushel, or $63.88, for handling the wheat and if it weighed less than 60 pounds per bushel there should be a dockage of 1¢ per pound per bushel for each pound less than 60 pounds a bushel weighed and that the appellee was entitled to a credit of $98.49 for dockage. It is admitted that appellant was advanced on the price of the wheat the sum of $1150 and on November 12, 1931 he demanded settlement at which time the Chicago December option was $0.61¼ per bushel but appellee failed and refused to settle.

The appellant sufficiently pleaded these admitted facts and sought to recover thereon the sum of $549.52.

The appellee answered by general demurrer and general denial, admitted the agreement to purchase the wheat prior to July 18th but asserted that he did not promise to advance any money on the wheat except the expense of harvesting which was usual and customary.

He alleges that on July 18th, after the wheat was delivered, appellant desired an additional amount of money and it was agreed between them that appellee would advance, including what he had theretofore paid for expenses, the sum of 15¢ per bushel of the market value, which was 25¢ per bushel on that day in Washburn, provided appellant would agree to protect the marginal deposit of 10¢ per bushel if wheat on the Chicago market December option declined as much as 10¢ per bushel and if he failed to do so the contract, it was understood, would be automatically cancelled and the wheat closed out; that on October 5, 1931 the Chicago December option declined to less than 45¢ per bushel and the 10¢ marginal deposit was consumed; that appellant was notified thereof but refused to protect the contract and the wheat was closed out and all liability on the part of appellee ended.

The appellee also claims that by mistake he paid appellant $191.69 more than the price of appellant's 6388¾ bushels of wheat at 15¢ per bushel and by error failed to charge to appellee the dockage of $98.49.

The appellant in a supplemental petition pleaded that the alleged contract of sale of date July 18, 1931 was a gambling contract and therefore void, however, he pleaded no facts which if true would show that the contract as pleaded by appellee was a wagering contract.

Before the trial the appellant filed an application to change the venue of the case from Armstrong to an adjoining county for trial, urging as reasons therefor the numerous trials theretofore had in Armstrong County, the disqualification of jurors by reason of such trials, the small number of qualified jurors in the county, many of whom were in a general way interested in the decision of the questions involved and had been present at one or more of the former trials.

The appellee answered this application or motion to change the venue and denied under oath that the parties who made the affidavit to appellant's motion had knowledge to truthfully state the facts tending to show the want of qualified jurors for service; denied that appellant could not obtain by reason thereof a fair and impartial trial

in Armstrong County and further asserted that the affiants to the motion had incorrectly stated the facts.

The appellant excepted to the sufficiency of this sworn answer to his application for a change of venue, the exception was overruled, evidence on the motion heard and the court overruled the application. The testimony heard on the motion is not before us and in the absence thereof we can consider only the legal sufficiency of this answer and, in our opinion, it is in substantial compliance with article 2171 of the Revised Civil Statutes and not insufficient as a matter of law.

The case proceeded to trial and in response to special issues submitted by the court the jury found, in effect, that under the terms of the contract between appellant and appellee made prior to July 18, 1931 the appellee did not agree to advance to appellant 15¢ per bushel on the wheat delivered but on July 18, 1931 the appellant did agree in consideration of the advancement to him of 15¢ per bushel on the wheat that if the price on the Chicago market December option should decline as much as 10¢ per bushel that appellant's wheat would be closed out unless he protected it by putting up additional money. The record shows without dispute that on October 5, 1931 the price of wheat Chicago December option declined to an amount below 45¢ per bushel; that by reason thereof the 10¢ per bushel margin on the wheat was consumed; that appellant was notified thereof but refused to protect the contract and the wheat was closed out.

The appellant challenges as error the action of the court in rendering judgment against him because he says the alleged contract claimed to have been made July 18, 1931 was a wagering or gambling contract contrary to public policy and therefore unenforceable and void. He pleaded no facts which disclose the illegality of the contract and considering the statement of Mr. White's pleadings as reported in the opinion in Tex.Civ.App., 54 S.W.2d 867 and the amended pleadings as shown in the opinions on the subsequent appeals and the holdings therein will be sufficient to show that the modified contract relied on in this case is not a gambling contract and that this assignment is untenable. Erwin v. White, Tex.Civ.App., 97 S.W.2d 707; White v. Erwin, Tex.Civ.App., 67 S.W.2d 1090; Erwin v. White, Tex.Civ.App., 54 S.W2d 867; Morgan v. Rose, Tex.Civ.App., 62 S.W.2d 1022; Furrh v. Western Union Telegraph Co., 115 Tex. 125, 276 S.W. 645; H. Seay & Co. v. Moore, Tex.Com.App., 261 S.W. 1013; Smith v. Duncan, Tex.Com.App., 209 S.W. 140.

The appellant also urges as error the action of the court in permitting appellee to recover on the contract of July 1, 1931 the 1¢ per bushel for handling and the 1¢ per bushel for dockage on his cross-action thereon inasmuch as he had repudiated said contract.

The pleadings and the testimony show that appellee did not repudiate the agreement of July 1st but admitted it was made and alleged that it had been modified by the contract of July 18th when he agreed to and did advance 15¢ per bushel to appellant on the wheat and as a consideration therefor appellant agreed to protect the marginal price of 10¢ per bushel and if he failed so to do that the contract would be automatically cancelled and the wheat closed out. This modification did not affect appellee's right to recover the item for handling the wheat or the item for dockage. It is shown without controversy that appellee paid the appellant 15¢ a bushel for 7666⅔ bushels but received from him only 6388¾ bushels and as the payment was made through mistake appellee was entitled to recover the excess paid through error.

The appellant assails as error the action of the court in refusing to submit at his request an issue which is as follows: "Did the plaintiff and defendant, if they made any agreement on July 18, 1931, intend by such agreement, that the gains and losses were to be settled according to the price of wheat under the Chicago December option, without any intent to make delivery of the wheat, upon which the ten cents margin deposit was made."

It will be noted that this issue failed to place the burden of proof on either of the litigants. It is admitted by all parties that the wheat was actually delivered by appellant to appellee at Washburn, Texas. There is neither pleading nor proof in the record that would authorize the submission of this issue.

The appellant also urges as error the refusal of the court to submit at his request an issue reading as follows: "Do you find from the evidence, that the plaintiff and defendant, on July 18, 1931, made an agreement by the terms of which, it was

agreed that the wheat which plaintiff sold and delivered to the defendant, under the Chicago December option Plan, was then worth in Washburn, Texas 24 cents per bushel, and that the defendant would advance to plaintiff 15 cents per bushel on said wheat so sold and delivered, which would leave plaintiff an equity or margin of ten cents per bushel in said wheat, which equity or margin plaintiff agreed to protect at Washburn, Texas."

The appellant and the appellee pleaded and the parties agreed that the wheat was sold "under the Chicago December option" at 33¢, 32¢ and 31¢ per bushel and that appellee would pay appellant these respective prices for certain portions thereof at any time the appellant would call for a settlement if before December 1, 1931. There is no testimony that contradicts the agreement as to these facts which the parties placed in the record. The issue did not place the burden of proof on either party and was unauthorized by the pleadings.

The judgment of the trial court is affirmed.