**John R. CALLOWAY, Appellant,**

**v.**

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 7440.**

Court of Civil Appeals of Texas, Beaumont.

March 1, 1973.

Motion for Rehearing Overruled March 22, 1973.

Earl B. Stover, Silsbee, Tony Korioth, Austin, for appellant.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellee.

DIES, Chief Justice.

This is a workmen's compensation suit. A jury found plaintiff (the parties are hereafter referred to as they were below) did not receive an injury. From a take-nothing judgment, plaintiff perfects this appeal.

During the trial the court admitted in evidence a judgment of conviction of plaintiff for felony theft dated November 3, 1958. This was on a hot check charge for which plaintiff received a two-year probated sentence. The trial court also permitted defendant to elicit from plaintiff that in the year of the trial (1972) four more hot check charges were filed against him. He subsequently paid off these

checks and, at the time of the trial, these charges had been dismissed. However, plaintiff testified that when he wrote the checks he knew they were hot and knew it was a criminal offense to do so.

■ The general rule in Texas is that proof of conviction of any crime may be shown if it involves moral turpitude and is not too remote in time. Also, proof of a charge of any such offense may be shown only when the witness admits that he is guilty of such charge. See 1 McCormick and Ray, Texas Law of Evidence, § 660 at 508 (2d ed. 1956) and cases there cited, particularly the text and citations in the 1968 Pocket Parts.

This court, in 1969 [Travelers Insurance Company v. Landry, 448 S.W.2d 230 (Tex.Civ.App., Beaumont, 1969, reversed 458 S.W.2d 649 (Tex.1970)], held it error to refuse admission of a forgery and theft conviction for impeachment, which plea of guilty was five years before the trial. The Supreme Court, in a five to four decision [Landry v. Travelers Insurance Company, 458 S.W.2d 649, 651 (Tex.1970)], reversed this holding and said:

"In exercising such discretion, the trial judge should have the power and the duty to consider all pertinent factors in deciding whether to admit or exclude the evidence. It appears to us, after having fully reviewed the record, that the trial court has done so in this case, and we therefore conclude that the trial court's exclusion of the 1964 conviction was not arbitrary or unreasonable, but was a valid exercise of his discretionary powers."

The Supreme Court cites with approval at page 651 the statement from Dallas County Water Control & Imp. Dist. v. Ingram, 395 S.W.2d 834 [Tex.Civ.App., Dallas, 1965, 425 S.W.2d 366 (Tex.Civ.App., Dallas, 1968, no writ)]:

" 'From a review of both civil and criminal cases it would appear that civil courts have generally held that such a matter depends upon circumstances presented and that the question should usually be left to the discretion of the trial judge. In exercising his discretion the trial judge has an opportunity to consider and weigh all the facts and circumstances of that particular case. Only for abuse of discretion is it held that such testimony will call for a reversal.' " (458 S.W.2d at 651)

In Transport Insurance Company v. Cossaboon, 291 S.W.2d 746 (Tex.Civ.App., El Paso, 1956, error ref. n. r. e.), plaintiff alleged a 1954 injury. A 1939 conviction was declared too remote to warrant introduction. In Travelers Insurance Company v. Dunn, 383 S.W.2d 197 (Tex.Civ.App., El Paso, 1964, error ref. n. r. e.), the court found it within the trial court's discretion to exclude a conviction nine years previous to the claim. The same nine years' exclusion was upheld in Missouri Pacific Railroad Co. v. Miller, 426 S.W.2d 569 (Tex. Civ.App., San Antonio, 1968, no writ). Both Bunch v. Texas Employers' Ins. Ass'n, 209 S.W.2d 657 (Tex.Civ.App., Texarkana, 1948, no writ) and Bernard's v. Austin, 300 S.W. 256 (Tex.Civ.App., Dallas, 1927, no writ) held admission of a fourteen-year-old conviction to be reversible error.

We assume the trial court's discretion to be the same in admitting or excluding the testimony. Here the prior conviction was in November, 1958 and the alleged injury was in February, 1971, the conviction being twelve years and three months prior.

■ We hold that this conviction was too remote in time and that the trial court exceeded his discretion in admitting it. Further, at the time plaintiff testified, the four hot check charges against him had been dismissed so there were no pending charges to which he could admit guilt. This evidence was not admissible. Texas & N. O. Ry. Co. v. Parry, 12 S.W.2d 997 (Tex.Com.App.1929).

Plaintiff testified unequivocally that he received an injury. Inasmuch as there

were no other witnesses to such injury, his credibility was extremely important. We are convinced that by admitting in evidence the matters complained of, plaintiff's credibility was totally destroyed. The errors made by the trial court in admitting such evidence amounted to such a denial of the rights of this plaintiff as were reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Rule 434.

In view of our holding herein, it is unnecessary to discuss appellant's other points of error.

Reversed and remanded.