Paul W. ERVIN, Appellant,

v.

GULF STATES, INC. et al, Appellee.

No. 17544.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 13, 1979.

Rehearing Denied Jan. 10, 1980.

Britt, Brown & Todd, Alton C. Todd, Alvin, James G. Sargent, Houston, for appellant.

Fulbright & Jaworski, Dixie Smith, Houston, for appellee.

PEDEN, Justice.

Paul W. Ervin appeals from an adverse judgment entered in a personal injury suit he brought against Jerome F. Heinlen and Heinlen's employer, Gulf States, Inc., as a result of a head-on collision. Heinlen filed a counterclaim against Ervin and a third-party claim against Sargent Electric Company, Ervin's employer, seeking damages for injuries he sustained in the collision. After trial to a jury, the trial judge entered a take nothing judgment on Ervin's claim and a judgment in favor of Heinlen on his counterclaim and third-party claim.

Ervin assigns five points of error, in which he contends that the trial court erred 1) in allowing opinion testimony that the cigarettes Ervin was smoking prior to the accident were marijuana cigarettes; 2) in excluding from evidence certain prior criminal convictions of a defense witness, an admission, and an indictment against him, all of which were offered solely for impeachment purposes; and 3) in refusing Ervin's request for submission to the jury of certain special issues regarding Heinlen's conduct immediately prior to the impact.

We affirm.

At the time of the accident Ervin and Heinlen were each driving a pickup truck owned by their respective employers and each was engaged on company business. Ervin was driving south on a two-lane highway, had just negotiated the first turn in a large S-type curve, and was driving on a straight stretch of road. Heinlen was driving north, had just emerged from the southernmost turn of the S-curve, and was also driving on the straight-of-way. Suddenly, and for reasons which remain unknown, Ervin veered into the northbound lane, nearly all the way across the highway and partially onto the shoulder. Heinlen then swerved to his left into the southbound lane to avoid a collision, but Ervin came back across the center, and the two trucks collided in the southbound lane. Each vehicle was travelling at approximately 50 to 55 miles per hour; there was no physical evidence that either driver had applied his brakes prior to the impact.

As a result of the accident, Heinlen received serious injuries to his right knee and foot. Ervin sustained multiple injuries, including brain damage and several fractured bones. He was unconscious for 42 days after the accident and has no recollection of events from before the accident until several weeks afterwards.

In his first point of error, Ervin complains that the trial court erred in allowing a defense witness, John Mackey, to give his opinion that the cigarettes Ervin was smoking prior to the accident were marijuana cigarettes. Ervin asserts that the use of marijuana is not such a common occurrence as to be a proper subject for opinion testimony from a lay witness and that Mackey was not shown to have any particular expertise on the subject, so he should not have been allowed to give his opinion.

Mackey was an employee of Sargent Electric at the time of the accident. He testified that at about 7:15 that morning he observed Ervin in the company parking lot smoking a marijuana cigarette. Mackey was standing only about six feet away and was able to smell the marijuana. According to Mackey, Ervin invited him to share the cigarette, but he declined. A short time later, as Ervin was driving out of the parking lot, Mackey observed him with another similar cigarette which he held in the same manner as he had held the first one. The trial judge sustained an objection to testimony that the second one also appeared to be a marijuana cigarette.

■ Expert opinions are received in evidence on the theory that the expert, by reason of study or experience, has a special knowledge which jurors generally do not possess and is therefore better able to draw conclusions from the facts. *Loper v. Andrews*, 404 S.W.2d 300 (Tex.1966); 2 McCormick and Ray, Texas Law of Evidence, § 1400. As most jurors are not familiar with marijuana, it is an appropriate subject for expert testimony.

■ In this case, Mackey was shown to have extensive experience with the use of marijuana. He testified that he had been using it regularly for some 24 years. He was familiar with its smell, the characteristic appearance of marijuana cigarettes, and the manner in which they are generally smoked. Under the circumstances, he was competent to express his opinion that Ervin's first cigarette was a marijuana one.

Ervin's first point of error is overruled.

In his second and third points of error, Ervin alleges that the trial court erred in excluding certain testimony elicited from Mackey on cross-examination out of the presence of the jury and offered by Ervin for impeachment purposes. In response to questioning by Sargent Electric's attorney, Mackey admitted that he had been convicted of six separate offenses of burglary and theft in 1962 and 1963 and had been imprisoned as a result of those convictions until 1967. He also admitted having been convicted of driving while intoxicated and indicted for statutory rape in 1971. The indictment was dismissed. He admitted that when he was arrested on the drunken driving charge he had marijuana in his possession, but no charges were filed on that account.

■ In civil cases, prior felony convictions of crimes involving moral turpitude are admissible as impeachment evidence if the convictions are not too remote. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex.1970); 1 McCormick and Ray, Texas Law of Evidence, § 660. In *Landry*, the Supreme Court of Texas recognized that some convictions are so remote that they are inadmissible as a matter of law, citing cases involving convictions which were 28, 20 and 14 years old at the time of trial. Other convictions, the Court stated, may be so recent that as a matter of law they are admissible. Many convictions fall into a middle ground somewhere between those two extremes. In those cases, the *Landry* court concluded, the decision whether to admit the convictions is left to the sound discretion of the trial judge. Mackey's burglary convictions were 16 and 17 years old at the time of trial, so they are too remote as a matter of law. In any event, the trial court did not abuse its discretion in excluding evidence of them.

■ The conviction for driving while intoxicated is not admissible regardless of its remoteness, since drunken driving is not a crime involving moral turpitude. *Compton v. Jay*, 389 S.W.2d 639 (Tex.1965); *Stephens v. State*, 417 S.W.2d 286 (Tex.Cr.App. 1967). The dismissed indictment is also inadmissible for any purpose. Evidence of prior criminal charges against a witness which did not lead to conviction is admissible only if the witness admits that he is guilty of the charges. *Calloway v. Texas Employers Insurance Association*, 491 S.W.2d 765 (Tex.Civ.App.1973, writ ref. n. r. e.); *Fenton v. Wade*, 303 S.W.2d 816 (Tex. Civ.App.1957, writ ref. n. r. e.); 1 McCormick and Ray, Texas Law of Evidence, § 660. Since Mackey made no such admission, testimony about the indictment was properly excluded.

Ervin contends that since the remoteness doctrine is based on a presumption that the witness has reformed, a presumption which he contends has been rebutted in this case, the doctrine has been improperly applied and all the offered testimony should be admitted. He argues that the testimony regarding Mackey's indictment for statutory rape, his conviction for driving while intoxicated, his possession of marijuana at the time of his arrest, and his pattern of regular use of it should be admitted as evidence that Mackey has not reformed since the time he was released from prison twelve years ago. With those facts in evi-

dence, Ervin concludes, the presumption of rehabilitation will stand rebutted, and evidence of the burglary convictions should then also be admitted.

■ If evidence which is offered to rebut the presumption of rehabilitation (that otherwise properly excludes remote convictions) is to be considered by the trier of fact, it should be tested under the well-reasoned standards for admission or exclusion. At the very least, it should be considered only by the trial judge in deciding whether the witness has reformed or not. Only if the court concludes that the witness has not reformed should any of the evidence go before the jury. In that event only evidence of the remote convictions should be admitted, not the otherwise inadmissible evidence on which the court based its conclusion that the witness had not reformed.

■ In our case the trial judge heard all of the testimony concerning Mackey's conduct. We hold that he did not err in excluding it.

■ We turn to the last matter raised by the appellant. The court's charge to the jury contained these inquiries into any negligence on the part of Heinlen:

### Special Issue No. 1

Do you find from a preponderance of the evidence that Jerome F. Heinlen's failure to keep his vehicle completely within his right half of the roadway was negligence?

Jerome F. Heinlen, like other motorists, was required to keep his vehicle completely within the right half of the roadway, and his failure to do so was negligence unless such failure was excused by reason of an emergency not caused by his own negligence.

The jury's answer was "We do not," so the proximate cause issue submitted with it was not answered.

### Special Issue No. 3

Do you find from a preponderance of the evidence that on the occasion in question, Jerome Heinlen was negligent in the application of his brakes or his lookout?

This issue was also answered in the negative.

Ervin tendered these two other special issues on the subject of Heinlen's conduct:

### Special Issue No. 1

Do you find from a preponderance of the evidence that on the occasion in question Jerome F. Heinlen, after discovering Paul Ervin on the road, failed to use the means available to him with ordinary care to avoid the occurrence in question?

### Special Issue No. 2

[predicated on an affirmative answer to Special Issue No. 1]

Do you find from a preponderance of the evidence that such failure to use ordinary care was a proximate cause of the occurrence in question?

The trial court refused to submit them, and Ervin's fourth and fifth points of error are that the trial court erred in doing so.

Ervin's argument is that special issues 1, 2, and 3, as submitted, only brought to the attention of the jury and inquired into Heinlen's conduct "prior to his observing the plaintiff (Ervin) in a position of peril." He says the court should have submitted his refused issues to inquire into the conduct of Heinlen "after he discovered the plaintiff (Ervin) in a position of peril."

We do not agree that the first three submitted issues limited the jury's consideration to a different time interval than did the refused issues. The time interval stated in submitted Issue No. 3 is "on the occasion in question," which is broad enough to cover all the events under inquiry. As to submitted Issue No. 1, there is nothing in the evidence to suggest that Heinlen turned from his normal direction on the roadway until he discovered that Ervin's truck was heading towards him; the refused issue did not ask about a different time.

Affirmed.

EVANS and WARREN, JJ., participated.