**Daniel N. ADAMS, Appellant,**

v.

**Stanley T. THOMAS, Appellee.**

**No. 01–81–0908 CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 17, 1982.

Rehearing Denied Aug. 26, 1982.

Joe J. Newman and William W. Morris, on appeal only, Houston, for appellant.

Donald B. Roseman, Hicks, Hirsch, Glover & Robinson, Iris Hefter Robinson, Houston, for appellee.

Before DYESS, DOYLE and DUGGAN, JJ.

## OPINION

DYESS, Justice.

An on-going donnybrook gave rise to the causes of action asserted by the parties below. By way of factual background it should suffice to say that the appellant and the appellee are adjoining landowners between whom a continuing feud developed because of a concrete downspout or splash pan used for directing the run-off of rain water. A physical altercation occurred between the parties, with each one claiming physical injuries from the assault by the other. Appellee brought criminal assault charges against the appellant, and the appellant was acquitted on trial. In turn, the appellant then brought the instant suit for damages and for malicious prosecution, with the appellee filing a cross-action for damages. In the words of the appellant's brief: "This is an appeal by Daniel N. Adams, plaintiff, below, who was dissatisfied with the jury verdict and judgment of the Court awarding him Five Hundred Dollars ($500.00) actual damages and Five Hundred Dollars ($500.00) exemplary damages against Appellee, Stanley T. Thomas." From the quoted language it is apparent that the appellant is seeking a reversal and remand of his case because of the inadequacy of the damages awarded, actual and exemplary. Yet the appellant does not raise the inadequacy question by any one of his nine points of error.

Instead, the appellant, by his first two points of error, complains of the alleged error of the trial court in refusing to allow the witness Jean Frazier, a former owner of the appellee's property, to explain the location of the boundary line between the two lots. As we view the record, it is clear that the appellant's attorney asked Mrs. Frazier whether or not she knew the location of the property line. Before the witness could answer, there was an objection by the appellee's counsel who was then permitted to take the witness on voir dire. Upon the completion of the voir dire, the appellee's objection was renewed and was sustained by the trial court. The appellant's counsel said, "Thank you. Your Honor," and proceeded to ask Mrs. Frazier if she had entered into an agreement with the owner of the appellant's property. The appellant never attempted to show what Mrs. Frazier would have said if permitted to testify and, therefore, no error is shown. Tex.R.Civ. Pro.Ann. 373; *Indust-Ri Chem Laboratory v. Par-Pak Co., Inc.*, 602 S.W.2d 282 (Tex. Civ.App.—Dallas 1980, no writ). The appellant's counsel simply failed to go forward in perfecting his bill of exception. Moreover, the appellant later elicited testimony from a surveyor who testified concerning the location of the boundary line, and the parties stipulated that the copy of the survey brought by the witness properly reflected the property lines. This court recognizes the rule that when evidence, substantially similar to the excluded testimony complained of on appeal, is admitted later in the trial, any error by the court in refusing to admit the earlier testimony is waived if the appellant fails to demonstrate how he was harmed by its exclusion. *Crisp v. Parker*, 516 S.W.2d 10 (Tex.Civ.App.—Austin 1974, no writ).

By his second point the appellant complains again of the trial court's refusal to allow him to elicit testimony from the witness Frazier concerning the substance of the agreement between Mrs. Frazier and the appellant. Here again, the attempted questioning was interrupted by an objection as to the form of the question and the objection was sustained. At this point the appellant's counsel moved to another line of questioning, without asking Mrs. Frazier to explain the agreement to the jury. Once again, no bill of exception was perfected, and nothing is before this court for review. We overrule the appellant's first and second points of error.

By his points of error three and four the appellant contends that the trial court erred

in excluding testimony of a misdemeanor conviction of theft of the appellee by way of impeachment on cross examination; further, that the court erred in refusing to permit the introduction of Exhibit 20, which was a certified copy of a conviction of theft of the appellee.

We overrule points of error three and four for reasons presently to be discussed.

In Texas, a witness in a civil case may be impeached on cross examination by proof of a conviction, if the conviction involved moral *turpitude* and is not too remote in time. *Ervin v. Gulf States, Inc.,* 594 S.W.2d 134 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Criminal acts involving intentional dishonesty for the purpose of personal gain are acts involving moral turpitude; swindling, cheating, and theft, including misdemeanor theft, are such offenses. See *American Motorists Insurance Co. v. Evans,* 577 S.W.2d 514, 515 (Tex.Civ.App.Texarkana 1979, writ ref'd. n.r.e.) and cases cited therein. The evidence offered by the appellant in his bill of exception would have proved that the appellee had been convicted of misdemeanor theft in 1980. Permitting such evidence would have violated neither the prohibition against allowing into evidence proof of remote crimes nor the restriction that the crime be one involving moral turpitude. Our Texas Courts have held that convictions may be proved by cross-examination. Ray, *Law of Evidence* § 661 and cases cited therein. Further, in civil cases, the record of conviction may be introduced without laying a foundation. *Id.,* § 662 and cases cited therein. The trial court erred in refusing to permit the appellant's counsel to cross-examine the appellee concerning his prior conviction for misdemeanor theft in 1980; the court likewise erred in excluding from the evidence the certified copy of the judgment of conviction of the appellee for misdemeanor theft in 1980.

But, before the appellant is entitled to a reversal of this case because of the trial court's errors, as demonstrated in his points of error three and four, the appellant must demonstrate further that these errors, or either of them, caused such a denial of his rights that the rendition of a improper verdict was probably caused thereby. Tex.R. Civ.P. 434; *American Motorists Ins. Co. v. Evans,* 577 S.W.2d at 516. The determining consideration, as to whether error in excluding evidence is reversible error, is whether the tendered evidence was of such probative force that, if admitted, was apt to have caused the jury to render a verdict different from that which it rendered. *Otto v. Otto,* 438 S.W.2d 587 (Tex.Civ.App.—San Antonio 1969, no writ).

While proof of the conviction would have impeached the credibility of the appellee as a witness, the record indicates that, as matters then stood in the trial, the appellee's credibility was low, if not at rock bottom, in the eyes of the jury. If the jury had believed the appellee's version, it probably would have decided that the appellant assaulted the appellee, contrary to its findings, and would have awarded damages to the appellee. Also, if the appellee's version of the basic facts leading up to the altercation, and of the altercation itself, had been believed by the jury, it is unlikely the jury would have awarded exemplary damages to the appellant.

In the case of *Quesada v. Graham Ice Cream Co.,* 207 S.W.2d 120 (Tex.Civ.App.-Austin 1947, no writ) the court reached a similar decision. The plaintiff in *Quesada* asserted on appeal that she was entitled to a new trial because of the exclusion of the cross-examination testimony of a defense witness, the driver of the truck involved in a collision wherein the plaintiff's husband was killed. At the time of trial, the defense witness had charges of negligent homicide pending against him, and the plaintiff's counsel tried to impeach his credibility by showing his personal bias and prejudice because of the pending criminal charges against him. After reviewing decisions from several jurisdictions on the question of admissibility, the trial court held that the cross-examination testimony of the defense witness driver had been properly excluded. On appeal, the court held that if the exclusion of the contested evidence was error,

the error was harmless because the jury's answers to the special issues indicated full well that the jury did not believe this defense witness's testimony. We find no harmful error in the case at bar and overrule the appellant's points of error three and four.

The appellant's complaint in point of error five is as follows:

> The trial court erred in its instruction to the jury during the testimony of the witness, Ellen Russ Archer, when the Court instructed the jury with reference to the violent acts of Mr. Thomas by Mrs. Archer, as follows: "the only purpose for which you may consider any testimony which you may hear about other assaults that Mr. Thomas may have committed, or threatened assaults against other persons, is for the purpose of assessing exemplary or punitive damages, if any, against Mr. Thomas."

By his point of error six, the exact complaint is made with respect to the court's limiting instruction concerning the testimony of the witness Gabriella Maria Guerra.

Mrs. Archer testified about a confrontation between herself and the appellee involving a chain saw. She testified that the appellee was preparing to cut down a tree on his property and that he had recently cut down trees in her yard and in several other yards, in each instance at the particular landowner's request. In each instance, there had been the serious threat of damage to the closest house because of the appellee's careless cutting methods. For this reason Mrs. Archer, in fear that her house might be damaged, asked the appellee not to cut down this particular tree on his own property. According to Mrs. Archer the appellee, in response to her request, started up the chain saw and "swung it over the fence at my neck." She said that if she had not jumped back in time, the appellee would have killed her. Upon being asked what the appellee had said to her, her response was: "Sir, I'm a lady, and I don't say those kind of words." When asked if she still lived in the same neighborhood with the appellee, she noted that she had moved and then added "... and I do not care to tell where I live now for obvious reasons."

The witness Gabriella Guerra testified to an encounter with the appellee when she was a tenant of the appellant. A friend of hers had parked mistakenly in the appellee's driveway. Shortly thereafter, one of the appellee's tenants requested that the car be moved and the friend of Mrs. Guerra was in the act of doing this when Mrs. Guerra heard screaming. Upon looking out of her door, Mrs. Guerra saw the appellee draped over the hood of her friend's car and beating his fists on the windshield.

■ Normally evidence of specific wrongful acts, such as assaults, is not admissible to impeach a witness. *Christie v. Brewer*, 374 S.W.2d 908 (Tex.Civ.App.-Austin 1964, writ ref'd n.r.e.); *White v. Erwin*, 67 S.W.2d 1090 (Tex.Civ.App.—Amarillo 1934, writ dism'd). However, proof of prior assault is admissible on the issue of exemplary damages. *Burleson v. Finley*, 581 S.W.2d 304 (Tex.Civ.App.—Austin 1979, writ ref'd. n.r.e.).

■ It is the argument of the appellant that these two witnesses should have been allowed to testify as to the prior acts of violence of the appellee, without the limiting instruction of the trial court, not only on the issue of exemplary damages, but also on the issue of the appellant's actual damages for fright, emotional disturbance, and mental anguish. The appellant relies upon *Burleson*, supra, to sustain this contention. We disagree. In *Burleson* the court held that "evidence that Appellees knew that Burleson killed Insall was relevant and material (1) to show appellees' state of mind in connection with their claim for compensatory damages for fright, emotional disturbance and mental anguish and (2) to the issue of exemplary damages." *Id.*, at p. .308. Thus, the court in *Burleson* ruled that such evidence was admissible to show the plaintiff's knowledge of the prior acts of the defendant as bearing on his state of mind appellee. In the instant case the testimony being tendered was evidence of the

actual deeds themselves and not evidence of the appellant's knowledge of such acts. We conclude that the trial court was correct in its instruction limiting the testimony of Mrs. Archer and Mrs. Guerra to the issue of exemplary damages. Moreover, even was if the trial court were found to have been in error in its limiting instruction concerning the testimony of these two witnesses, the appellant has not preserved such error for review. See, *Gulf, Colorado & Santa Fe Ry. Co. v. Parmer,* 389 S.W.2d 558, 565 (Tex.Civ.App.—Beaumont 1965, writ ref'd. n.r.e.), holding that "if counsel for Defendant was not satisfied with this [limiting] instruction, further objection and request for further instruction should have been made at that time." The appellant in our case made no such further objection nor request for further instruction. We overrule the appellant's fifth and sixth points of error.

In his seventh point of error the appellant asserts that the testimony of the witness R. M. Szabo should have been admitted into evidence to demonstrate the violent and quarrelsome nature of the appellee. A party's character, where evidence thereof is received, cannot be proved by specific acts. *Republic National Life Ins. Co. v. Heyward,* 568 S.W.2d 879 (Tex.Civ. App.—Eastland 1978, writ ref'd. n.r.e.); *Swift & Company v. Baldwin,* 299 S.W.2d 157 (Tex.Civ.App.—Texarkana 1957, no writ). Proof of specific acts may be introduced only on the issue of exemplary damages, and still, the specific acts must be prior assaults not too remote in time. *Burleson, supra,* at 307–308.

The excluded testimony of the witness Szabo, who described a rage into which the appellee flew when he found that Szabo was hammering nails into the wall of the appellee's rental property, was cumulative in nature. It was quite similar to the instances of the appellee's prior conduct testified to by Mrs. Archer and Mrs. Guerra, and it was not so spectacular or bizarre as to cause the jury to return a different verdict if it had been permitted to hear the Szabo episode. We overrule the appellant's seventh point of error.

The appellant urges in his eighth point that the trial court erred in refusing to allow the witnesses Anderson and Cravey to testify as to the appellee's general reputation for being a man of "violent and ungovernable" character. We agree with the appellee's statement that the record shows that the appellant, in fact, never offered such evidence, no objections were made to such "testimony", and the trial court never made any ruling regarding the "testimony" of Anderson and/or Cravey. There was no error to be preserved on appeal. We overrule the appellant's eighth point of error.

Finally, the appellant, in his ninth point of error, contends that the jury's answer to special issue no. 9 was against the greater weight and preponderance of the evidence. The jury found that the appellee did not act with malice in filing the criminal charges against the appellant, and contends that this finding is contrary to the jury's finding in response to Special Issue Number 8, wherein the jury found that the appellee acted without probable cause in filing charges against the appellant.

It must be recognized that malice does not, of necessity, flow from lack of probable cause, and although malice may be inferred by the jury from want of probable cause, this is not an inference which the jurors are required to draw. 1 Ray, Texas Law of Evidence, § 114 (Texas Practice 3d. ed. 1980); *Green v. Meadows,* 517 S.W.2d 799, (Tex.Civ.App.—Houston [1st] 1975) rev'd. on other grounds, 524 S.W.2d 509.

Evidence was presented by both the appellant and the appellee on the issue of malice or lack thereof. The decision was for the jury to make, and the jury's finding of no malice was not against the great weight and preponderance of the evidence. *Moore v. Wattinger Co.,* 490 S.W.2d 898 (Tex.Civ.App.—Austin 1973, no writ); *Diaz v. Deavers,* 574 S.W.2d 602 (Tex.Cr.App.— Tyler 1978, writ dism'd.). We overrule the appellant's ninth point of error.

We have examined the appellee's crosspoint wherein he asserts that the jury's

answers to special issues numbers four, five and six were against the great weight and preponderance of the evidence and were manifestly unjust. By these answers the jury declined to find that the appellant had committed an assault and battery upon the appellee; and further, the jury declined to find that the appellee had suffered any damages. What we have said with reference to the appellant's ninth point of error we repeat at this juncture. Sharply conflicting evidence was presented by both sides as to who was the aggressor and who was the defender. The decisions were for the jury to make in finding whether or not the appellant had committed an assault and battery on the appellee, and whether or not the appellee had suffered any damages. These findings were not against the great weight and preponderance of the evidence. *Green,* supra; *Diaz,* supra. We overrule the appellee's cross-point.

The judgment of the trial court is affirmed.