Betty Lou **FOSTER, et al., Appellants,**

v.

Betty J'ean **BAILEY, Appellee.**

No. 01–84–0666–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 23, 1985.

Rehearing Denied June 13, 1985.

Quincy A. James, Robert E. Hudson, Edward V. Herrington, Houston, for appellants.

John L. Grayson, Barbara A. Clark, Gilpin, Maynard, Parson, Pohl & Bennett, Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

Betty J'ean Bailey sued the appellants, Betty Lou Foster and her employee, Mavis Lill, for injuries resulting from chemical burns to her scalp received during a visit to Foster's beauty shop. The suit alleged negligence, gross negligence, violation of the Deceptive Trade Practice Act, and breach of contract, including breach of express and implied warranties. The jury found for the appellee on claims for negligence, breach of contract, and deceptive trade practice, but the court disregarded the jury's findings on the Deceptive Trade Practice Act claim. Judgment was rendered for the appellee for actual damages of $21,500 and for attorney's fees of $15,000 for trial, $4,000 in the Court of Appeals, and $1,500 each for making or responding to an application for writ of error to the Supreme Court and for services if the writ of error were granted.

The evidence showed that on April 4, 1981, the appellee went to The Hair Shop, a beauty shop owned by appellant Foster, for an appointment with her regular hair colorist. She learned that this employee was no longer employed there, but another employee, appellant Mavis Lill, offered to lighten the roots of the appellee's naturally black hair to the shade she had been maintaining at The Hair Shop for the past six months. The appellee agreed, and Lill shampooed and applied a tint to the appellee's hair. Lill left the peroxide products on the appellee's hair for an excessive amount of time, which caused the hair to turn "crayon color orange." In attempting to correct her mistake, Lill bleached the appellee's hair white, then applied yet another color product which leached through the cap to the appellee's scalp. Her scalp was so burned that it could not tolerate the heat of a hair dryer. She paid The Hair Shop $114.50 for the goods and services, and left with her hair still wet and her scalp oozing a clear substance in response to the chemical burns.

The first point of error contends that the trial court erred in refusing to allow cross-examination of the appellee regarding whether she tried to change her hair color after leaving The Hair Shop. The following transpired:

Q: Isn't it true, Mrs. Bailey, that you actually tried to change the color?

MR. GRAYSON (Appellee's attorney): Objection, your Honor. May we approach the bench?

THE COURT: Yes. (Discussion at the bench off the record and out of the hearing of the jury).

THE COURT: The jury is to disregard the last question in its entirety. There is

no evidence to support that particular line of questioning at this stage of the trial.

The appellant was not permitted to pursue this line of questioning further. The court later allowed the appellee to introduce the rebuttal testimony of John Majorwitz to prove that the appellee did not apply additional chemicals to her hair after leaving The Hair Shop. Majorwitz testified that from the time the appellee arrived home from The Hair Shop until about 4:00 p.m. the next day, nothing other than a cool towel was placed on her head. Majorwitz's testimony rebutted that of the appellant's witness, Canning, that the processes performed at The Hair Shop would not have caused the damage the appellee suffered, thus suggesting that acts by someone other than the defendants caused the appellee's injuries.

The appellants argue that the disallowed question was proper in order to show a new and independent cause for the appellee's injuries. The answer, they contend, might have indicated that their conduct did not cause the injuries. They rely on *Dallas Railway & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379 (1952), in which Justice Calvert wrote: "The theory of new and independent cause is not an affirmative defense; it is but an element to be considered by the jury in determining the existence or non-existence of proximate cause." *Id.* at 383. The appellants argue that, because proximate cause was a disputed issue in this negligence case, there was no predicate required to support the line of questioning. We agree.

The appellants had an absolute right to cross-examine the appellee, the sole adverse party, on the ultimate issue of proximate cause, so that the appellee's position on the issue was clearly presented for the jury's consideration. Whether the appellee had taken some new and independent action was a matter peculiarly within her own knowledge, and the appellants had a legitimate interest in testing her memory and credibility on the subject. The right to cross-examine the appellee before the jury was crucial to their defense, and the trial court committed error in refusing to permit cross-examination on the issue. Rule of Evidence 403, which allows exclusion of relevant evidence if its probative value is exceeded by the danger of *unfair* prejudice, does not justify the court's ruling.

The appellee argues that any error was waived by the appellant's failure to make an offer of proof under Texas Rule of Evidence 103(a)(2), and that any error was harmless because the appellants were allowed to cross-examine John Majorwitz on the same subject.

■ We hold that cross-examination of Majorwitz was no substitute for cross-examination of the appellee. The only case cited by the appellee for this proposition is *Adams v. Thomas*, 638 S.W.2d 933 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). *Adams* is distinguishable in three respects. First, it appears that direct examination was limited in *Adams*, not cross-examination, as in the instant case. Second, the excluded testimony in *Adams* was not from a party, whereas in the instant case, the witness was the sole party plaintiff and had exclusive knowledge concerning the question asked. Third, the questions excluded in *Adams* did not concern an ultimate fact issue, such as proximate cause.

■ Nor was error waived by the appellant's failure to make a bill of exception under Rule of Evidence 103(a)(2). The right to cross-examine the sole adverse party on an ultimate disputed issue should not depend upon a showing that the cross-examination will be successful. Our courts have refused to impose such a condition upon the right to question an adverse witness. *Cunningham v. Austin & N.W.R. Co.*, 88 Tex. 534, 31 S.W. 629 (1895) and *Beckham Development Co. v. Bruce Clark & Assoc.*, 492 S.W.2d 287 (Tex.Civ.App.—Dallas 1973, no writ).

The jury should have been allowed to observe the appellee's demeanor and hear her answers on cross-examination, whatever they would have been. The appellee

would either have admitted or denied that she tried to change her hair color after leaving The Hair Shop, or given qualified answers. If her answers were evasive, vague, or inconsistent, this would have assisted the appellant significantly in challenging her credibility. Even if she had consistently denied any self-treatment of her hair, her demeanor was a proper subject for the jury's consideration. The jury would not have been required to believe the appellee's denials, no matter how frequent, consistent, or strong, in view of the denial of causation by Canning, the appellant's expert. Because the jury was entitled to hear any conceivable answer or answers to the question asked, failure to make an offer of proof should not bar appellate review in this case.

We accordingly hold that the trial court abused its discretion in refusing to permit cross-examination of the appellee, and that such error was not harmless. Tex.R.Civ.P. 434.

The judgment is reversed and the cause is remanded for a new trial.